IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES W. CONNELL,** | : | CIVIL ACTION NO. 1:16-CV-714 |
| | : | |
| Plaintiff | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **CIMC INTERMODAL EQUIPMENT AND BUZZ HAGEN,** | : | |
| | : | |
| Defendants | : | |

# MEMORANDUM

Plaintiff James W. Connell ("Connell") alleges that defendants CIMC Intermodal Equipment ("CIMC") and Buzz Hagen ("Hagen") discriminated against him due to his age and disability, causing him to resign from his job with CIMC. Presently before the court are defendants' motions (Docs. 15, 18, 20) to dismiss Connell's complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6). FED. R. CIV. P. 12(b)(2)-(3), (b)(6). CIMC and Hagen seek dismissal for, *inter alia*, lack of personal jurisdiction and improper venue. (See Docs. 15-16, 18-21). In the alternative, CIMC and Hagen ask the court for a transfer of venue. (See Docs. 15-16, 18-19). For the reasons that follow, the court will deny the motions to dismiss and will transfer these proceedings to the United States District Court for the Eastern District of Virginia.

I.   **Factual Background & Procedural History**

Connell currently resides in Carlisle, Pennsylvania. (Doc. 1 ¶ 2). CIMC is incorporated in Texas, and Hagen is not a Pennsylvania resident. (Doc. 16-2 ¶¶ 4-7; Doc. 19-1 ¶ 2). Hagen hired Connell to work for CIMC in April 2013. (Doc. 1 ¶¶ 21-

26). Connell avers that he reported to South Gate, California to begin his new job, but that he also worked out of his home office in Carlisle, Pennsylvania throughout his tenure at CIMC. (Id. ¶¶ 26, 29). Sometime around or before January 22, 2015, Connell began to work in CIMC's Emporia, Virginia office. (Id. ¶¶ 42, 52, 59; Docs. 16-3, 19-3). Connell reports repeated disagreements with Hagen and a demotion that led to his eventual resignation on November 22, 2015. (Doc. 1 ¶¶ 42-59, 62-72).

Plaintiff commenced this action on April 28, 2016, asserting claims under the Americans with Disabilities Act, Age Discrimination in Employment Act, and Pennsylvania Human Relations Act. (Doc. 1). CIMC and Hagen filed their motions (Docs. 15, 18, 20) to dismiss on July 5, 2016 and July 6, 2015. The motions are fully briefed (Docs. 16, 19, 21, 27-30) and ripe for disposition.

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(2), a party may move to dismiss a complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). In ruling on a Rule 12(b)(2) motion, the court must accept the allegations in the complaint as true and draw all reasonable inferences supported by the well-pleaded factual allegations in the plaintiff's favor. Pinker v. Roche Holdings Ltd., 292 F.3d 361, 368 (3d Cir. 2002); Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 142 n.1 (3d Cir. 1992). The court's review is not limited to the face of the pleadings, as consideration of affidavits submitted by the parties is both appropriate and required. See Carteret Sav. Bank, 954 F.2d at 146.

Even though the plaintiff bears the ultimate burden of proving personal jurisdiction over a defendant, Mellon Bank (East) PSFS Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992), the plaintiff need not make such a showing at the pleading stage of litigation. Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009). To survive a motion to dismiss, the plaintiff must merely allege sufficient facts to establish a *prima facie* case of jurisdiction over the defendant. Id.; Carteret Sav. Bank, 954 F.2d at 142 n.1. When claims of jurisdiction are not clearly frivolous, jurisdictional discovery is ordinarily allowed. See Metcalfe, 566 F.3d at 335-336 (citing Compagnie Des Bauxites de Guinee v. L'Union Atlantique S.A. d'Assurances, 723 F.2d 357, 362 (3d Cir.1983)).

Rule 12(b)(3) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss for improper venue. Fed. R. Civ. P. 12(b)(3). When venue is improper, a district court must dismiss the action or, if in the interest of justice, transfer the action to a district in which it could have been brought. 28 U.S.C. § 1406(a). The party moving for dismissal based on improper venue "has the burden of proving the affirmative defense." Myers v. Am. Dental Ass'n, 695 F.2d 716, 724 (3d Cir. 1982). When considering a motion to dismiss for improper venue, the court must generally accept as true the allegations in the pleadings and must view the facts in the light most favorable to the nonmoving party. Heft v. AAI Corp., 355 F. Supp. 2d 757, 762 (M.D. Pa. 2005) (citing Pinker, 292 F.3d at 368).

### III. Discussion

The court must resolve two preliminary issues prior to considering the merits of the matter *sub judice*. First, the court must decide whether it may exercise personal jurisdiction over CIMC and Hagen. Second, the court must discern whether the Middle District of Pennsylvania is the proper venue for this action. The court will address these issues *seriatim*.

#### A. Personal Jurisdiction

CIMC and Hagen argue that they do not have sufficient minimum contacts with Pennsylvania to support personal jurisdiction in this forum. (Doc. 16 at 11-23; Doc. 19 at 10-22). CIMC avers that it has never done business in Pennsylvania and has never purposefully directed its activities toward Pennsylvania. (Doc. 19 at 12-13, 15). Hagen submits that he has no personal connection to Pennsylvania and none of the alleged discrimination occurred in Pennsylvania. (Doc. 16 at 12, 17- 21). Connell responds by articulating the contacts that both CIMC and Hagen have with Pennsylvania, in the form of communications with Connell and the employment of Connell in the forum. (Doc. 28 at 7-9).

A federal court may assert jurisdiction over a nonresident of the forum state to the extent authorized by the law of the forum. See FED. R. CIV. P. 4(k)(2). The Pennsylvania Long-Arm Statute grants jurisdiction coextensive with that permitted by the Due Process Clause of the Fourteenth Amendment. 42 PA. CONS. STAT. § 5322(b). Thus, "the statutory assessment of jurisdiction collapses into the

constitutional one." Clark v. Matsushita Elec. Indus. Co., 811 F. Supp. 1061, 1065 (M.D. Pa. 1993).

The court's constitutional inquiry is guided by the "minimum contacts" test established in International Shoe Co. v. Washington, 326 U.S. 310 (1945). Under this standard, the plaintiff must show that the nonresident defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe, 326 U.S. at 316 (internal quotations and citation omitted); see also Marten v. Godwin, 499 F.3d 290, 296 (3d Cir. 2007). The focus of the minimum contacts analysis is "the relationship among the defendant, the forum, and the litigation," Shaffer v. Heitner, 433 U.S. 186, 204 (1977), such that the defendant has fair warning that he may be subject to suit in that forum. Marten, 499 F.3d at 296.

A federal court must possess one of two forms of personal jurisdiction to comport with these principles. See D'Jamoos *ex rel.* Estate of Weingeroff v. Pilatus Aircraft Ltd., 566 F.3d 94, 102 (3d Cir. 2009) (citing Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408, 414-15 (1984)). General jurisdiction allows a court to exercise its jurisdiction over any party that possesses "continuous and systematic" contacts with the forum state, regardless of whether the claim results from the party's forum-related activities. Helicopteros, 466 U.S. at 415 n.9; Marten, 499 F.3d at 296. Specific jurisdiction, on the other hand, allows the court to hear claims that arise from or relate to the party's contacts with the forum state. Helicopteros, 466

U.S. at 414 n.8; Telcordia Tech Inc. v. Telkom SA Ltd., 458 F.3d 172, 177 (3d Cir. 2006).

Connell asserts only specific jurisdiction. (Doc. 28 at 4). To determine whether the court has specific jurisdiction over a party, the court considers three factors: (1) whether the party purposefully directed its activities at the forum; (2) whether the causes of action arise out of or relate to at least one of those activities; and (3) if the first two requirements are met, whether the exercise of jurisdiction otherwise comports with fair play and substantial justice. See D'Jamoos, 566 F.3d at 102; Marten, 499 F.3d at 296. Physical presence within the forum state is not required, as communications sent by the defendant into the forum may support personal jurisdiction. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985); O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 317 (3d Cir. 2007) (citing Grand Entm't Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 482 (3d Cir. 1993)). Deliberate targeting of the forum is necessary; unilateral communication by the party seeking to impose jurisdiction on a nonresident defendant will not suffice. O'Connor, 496 F.3d at 317 (citing Hanson v. Denckla, 357 U.S. 235, 253 (1958)).

Connell claims that he is entitled to jurisdictional discovery to establish personal jurisdiction based on the communications between Hagen, acting on behalf of CIMC, and Connell. (Doc. 28 at 5 n.3). Connell has the burden of demonstrating a *prima facie* case of personal jurisdiction in order to qualify for

6

jurisdictional discovery. Carteret Sav. Bank, 954 F.2d at 146; Metcalfe, 566 F.3d at 335-336. Connell fails to meet his burden.

Once personal jurisdiction is challenged, a plaintiff cannot prove a *prima facie* case by merely resting on the plain allegations of the complaint and refraining from submitting affidavits or other credible evidence. See Metcalfe, 566 F.3d at 330 (citing Dayhoff Inc. v. H.J. Heinz Co., 86 F.3d 1287, 1302 (3d Cir. 1996)); Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 66 n.9 (3d Cir. 1984). Even if the court weighs Connell's allegations, assuming *arguendo* that the facts of the complaint are true, Pinker, 292 F.3d at 368, Connell fails to make a *prima facie* case for specific personal jurisdiction.

Connell does not allege any communications or contacts that rise to the requisite level for specific personal jurisdiction in the Commonwealth of Pennsylvania. Connell contends that CIMC and Hagen knew that he was working out of a home office in the state and that he communicated with Hagen using e-mail and phone while residing in Pennsylvania. (Doc. 28 at 5). But CIMC and Hagen hired Connell to work out of CIMC's California and Virginia offices—neither defendant directed Connell to work in Pennsylvania. (Doc. 1 ¶¶ 6, 56, 59; Doc. 19-2 ¶¶ 14-15; Doc 30 at 14-15). CIMC and Hagen did not deliberately target Pennsylvania by mere virtue of Connell's unilateral activity in Pennsylvania. See Hanson, 357 U.S. at 253; O'Connor, 496 at 318. Both CIMC and Hagen profess that they have no other ties to the state—CIMC has no customers, accounts, offices, employees, or advertisements in Pennsylvania, and Hagen has never had contacts

with the state in his individual capacity, nor in his corporate capacity for CIMC. (Doc. 19-1 ¶¶ 6-19; Doc. 19-2 ¶¶ 4-13). Connell does not dispute these facts.

Connell relies solely on his own occasional presence in Pennsylvania in order to establish specific personal jurisdiction. (Doc. 28 at 7-9). The two cases upon which Connell relies, Touzot v. ROM Dev. Corp., No. 15-6289, 2015 WL 6082123 (D.N.J. Oct. 15, 2015), and Chadwick v. St. James Smokehouse, Inc., No. 14-2708, 2015 WL 1399121 (D.N.J. Mar. 26, 2015), are inapposite. (Doc. 28 at 5-7). In both cases, the key fact undergirding specific personal jurisdiction was the employee's solicitation of business in the forum. Touzot, 2015 WL 6082123, at *6; Chadwick, 2015 WL 1399121, at *4. The court in each circumstance concluded that the company in question directed business efforts into the forum, allowing the court to exercise specific personal jurisdiction. Touzot, 2015 WL 6082123, at *6-7; Chadwick, 2015 WL 1399121, at *4-5. No such contacts exist in the matter *sub judice*. Without evidence that CIMC and Hagen purposefully directed their business toward Pennsylvania, Connell's occasional work in Pennsylvania alone does not suffice to prove a *prima facie* case for specific jurisdiction.

**B. Transfer of Venue**

CIMC and Hagen request dismissal based on improper venue, or, alternatively, transfer to the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a). (Doc. 16 at 24; Doc. 19 at 23). The court finds that dismissal pursuant to Civil Procedure Rule 12(b)(2) would not be in the interest of justice. The court will therefore transfer the instant matter to the Eastern District of Virginia.

A district court may transfer a case to any other district "where it might have been brought" if transfer is "in the interest of justice." 28 U.S.C. § 1404(a). The court must weigh public and private interests to determine "whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." Jumara v. State Farm Ins. Co., 55 F.3d 873, 879-80 (3d Cir. 1995).

A district court may also transfer a case to another district "in the interest of justice" under 28 U.S.C. § 1631 if the court finds that "there is a want of jurisdiction" and the transferee court is one in which the action "could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631. It is longstanding policy in the Third Circuit to transfer cases to a proper forum when personal jurisdiction is in doubt. See Schwilm v. Holbrook, 661 F.2d 12, 15 (3d Cir. 1981); Societe Nouvelle Generale de Promotion v. Kool Stop Int'l, Inc., 633 F. Supp. 153, 155 (E.D. Pa. 1985). "'[T]he interest of justice' may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by . . . time-consuming and justice-defeating technicalities." Goldlawr, Inc. v. Heiman, 369 U.S. 463, 467 (1962) (internal quotations omitted). If a court lacks personal jurisdiction, it may enact transfer under § 1631 to avoid such damaging technicalities. See Horgos v. Regions Bank, No. 08-1210, 2009 WL 763431, at *6-7 (W.D. Pa. Mar. 19, 2009) (citing Renner v. Lanard Toys, Ltd., 33 F.3d 277, 284 (3d Cir. 1994)); Lawman Armor Corp. v. Simon, 319 F. Supp. 2d 499, 506 (E.D. Pa. 2004).

9

The court finds that transfer under § 1631, not § 1404(a), is appropriate *sub judice*. See Lawman, 319 F. Supp. 2d at 506 (quoting Goldlawr, 369 U.S. at 467). As noted *supra*, the court lacks personal jurisdiction, and the court therefore need not engage in the rigorous test for transfer under § 1404(a). The court need only find a forum where the instant action could have been brought pursuant to 28 U.S.C. § 1631.

The court concludes that these proceedings could have been brought in the United States District Court for the Eastern District of Virginia. CIMC's plant is located in Emporia, Virginia, and Hagen interacted with Connell at this plant. (Doc. 16 at 24-35; Doc. 19 at 25). Hence, there is jurisdiction over CIMC and Hagen because they were "transacting . . . business" in the Eastern District of Virginia. VA. CODE ANN. § 8.01-328.1 (2015). Venue is also proper in the Eastern District of Virginia pursuant to 28 U.S.C. § 1391(b)(2), which states that an action may be brought in a judicial district where a substantial part of the events giving rise to the claims occurred. See 28 U.S.C. § 1391(b)(2); (Doc. 1 ¶¶ 42-72). Accordingly, the court will transfer these proceedings to the United States District Court for the Eastern District of Virginia.


**IV.**     **Conclusion**

The court will deny CIMC and Hagen's motions as to dismissal of these proceedings, but granted as to transfer to the United States District Court for the Eastern District of Virginia. An appropriate order shall issue.

<div style="text-align: right;">

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

</div>

Dated:     December 2, 2016